John D. Bennett, S.
This is a probate proceeding in which objection is made to the granting of letters testamentary to Philip Steiner, the executor named in the will and, in the alternative, that if appointed executor, he be required to furnish a bond.
*433 The objections raised herein are based on an alleged misstatement made by Philip Steiner in his petition for probate, wherein the assets of the estate are listed as being $2,000. The objectant states that Philip Steiner received an additional $8,000 from decedent during her lifetime as a loan, and he has not repaid this nor is it reflected in the petition for probate.
At a hearing held before this court, Philip Steiner admitted having received the moneys from decedent. The only question which seems to have been raised is whether the moneys so received by Philip Steiner from decedent were in fact a loan or a gift.
The objectant has not proved facts herein to indicate the existence of grounds under section 94 of the Surrogate’s Court Act which would preclude Philip Steiner, named as executor in the will, from qualifying and serving as executor. Nor does this court feel that the evidence presented is sufficient to require the furnishing of a bond, where the will provides that the executor serve without bond.
Accordingly, the objections filed to the appointment of Philip Steiner as executor of this estate, to serve without bond, are dismissed without prejudice to objectant asserting any rights she may have to the funds in question, in a proper proceeding in the future.
Settle decree on five days’ notice, with three additional days if service is by mail.